UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-11329 |
| | ) | |
| AUDACY ILLINOIS, LLC and AUDACY, INC., | ) | Hon. Jeffrey I. Cummings. |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT FOR NEW CASE**

The parties, by their below counsel, submit the following joint report following a conference held by them pursuant to Rule 26(f):

**I.     The Nature of the Case:**

Plaintiff     James Foster                James M. Kelly (lead trial attorney)
                                                            jim@jameskellylawfirm.com
                                                       Jason W. Jording
                                                            jasonj@jameskellylawfirm.com
                                                       Jason D. Johnson
                                                            jdj@jameskellylawfirm.com
                                                       James Kelly Law Firm, pc
                                                       7817 N. Knoxville Avenue
                                                       Peoria, IL  61614
                                                       T:  (309) 679-0900
                                                       F:  (309) 679-0919

Defendants    Audacy, Inc.
                       Audacy Illinois, LLC

                                                       Elizabeth A. McNamara (*pro hac vice*) (lead trial attorney)
                                                       Abigail Everdell (*pro hac vice*)
                                                       DAVIS WRIGHT TREMAINE LLP
                                                       1251 Avenue of the Americas, 21st Floor
                                                       New York, New York 10020
                                                       lizmcnamara@dwt.com
                                                       abigaileverdell@dwt.com

                                                       Samantha Lachman (*pro hac vice*)
                                                       DAVIS WRIGHT TREMAINE LLP

350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
samlachman@dwt.com

Douglas W. Bax
Jay Zenker
WILLIAMS, BAX & SALTZMAN, P.C.
221 N. LaSalle Street, Suite 3700
Chicago, Illinois 60601
bax@wbs-law.com
zenker@wbs-law.com

The complaint alleges two causes of action against Defendants Audacy Illinois, LLC and Audacy, Inc. (together, "Audacy") based on alleged defamatory statements published July 10, 2023, via radio broadcast on 670 The Score. At the time of the broadcast, Foster was the head baseball coach for Northwestern University. The first cause of action is for defamation *per se* and alleges that Audacy's employee, Danny Parkins, made a number of defamatory statements involving Foster's treatment of his assistant coaches and players. The second cause of action is for defamation in the nature of false light, alleging that statements made during the broadcast falsely implied that Foster was responsible for the death of a player at Rhode Island University in 2011 where Foster was coaching at the time. Audacy has not filed any counterclaims or third-party claims.

Audacy has moved to dismiss the complaint on three grounds: First, Audacy argues that Plaintiff's defamation per se claim fails because he fails to allege Audacy's reporting is false or how it is false, and portions of the statements at issue are non-actionable opinion. Second, Audacy argues that Plaintiff's false light claim fails because he does not allege the statements at issue are false or convey a false implication, and the statements at issue are subject to an innocent construction. Finally, Audacy argues that Plaintiff is a public figure and has not pled that Audacy acted with knowledge of falsity or serious doubts, *i.e.* with actual malice, as he must to state either of his causes of action.

Plaintiff is seeking compensatory damages arising from the injury to his reputation, and he is also seeking punitive damages.

**II.     Jurisdiction:**

This Court has jurisdiction over plaintiff's claims based on diversity jurisdiction (28 U.S.C. § 1332(a)), and the case was removed from state court in Cook County, Illinois pursuant to 28 U.S.C. § 1446.

The parties agree that the amount in controversy requirement is satisfied because plaintiff is seeking well in excess of $75,000 in damages. The citizenship of the parties is the following:

Plaintiff, James Foster (Florida).

Defendant Audacy, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Defendant Audacy Illinois, LLC's sole member is Audacy Operations, LLC. Audacy Operations, LLC's sole member is Audacy Capital, LLC. And, Audacy Capital, LLC's sole member is Audacy, Inc. Thus, Audacy Illinois, LLC is also a citizen of Delaware and Pennsylvania.

### III. Status of Service:

All defendants have been served and have entered their appearances.

### IV. Motions:

Audacy has responded to the complaint by filing a motion to dismiss (Doc. 13), which remains pending. The motion to dismiss argues that (1) Plaintiff's defamation *per se* claim fails because he does not plead the statements are false or how they are false, and because some of the statements are protected opinion, (2) his false light claim fails because he does not plead a false statement or a reasonable false implication, and the statements are subject to an innocent construction, and (3) Plaintiff is a public figure and fails to plead actual malice.

### V. Case Plan:

Should the case proceed to discovery, all parties intend to undertake standard discovery including interrogatories, requests for production, and depositions. The parties will likely also serve third party subpoenas to obtain discovery from non-parties. The parties do not anticipate that this case will involve complex or extraordinary discovery. The parties anticipate that this case may require expert discovery.

Because Audacy has filed a pending motion to dismiss that may dispose of this case if granted by the Court, the parties request that the entry of discovery deadlines be postponed until after the resolution of the motion to dismiss.

The parties propose the following deadlines in the event the motion to dismiss is denied:

1. Rule 26(a)(1) disclosures occur within 21 days following denial of the motion to dismiss.

3. Written discovery initiated by the parties by 30 days following denial of the motion to dismiss.

4. Fact discovery completion deadline to be 5 months following denial of the motion to dismiss.

5. Deadline for filing amended pleadings to be 60 days following denial of the motion to dismiss.

      6.      Expert discovery deadlines to be 7 months following denial of the motion to dismiss with specific disclosure and deposition deadlines to be submitted by the parties in a future proposed scheduling order.

A jury trial is requested and the parties anticipate that the trial will take between 1 and 2 weeks.

**VI.**    **Consent and Settlement Discussions**:

The parties have not yet engaged in any settlement discussions, though Plaintiff intends to provide Audacy a settlement demand. Counsel has advised the parties that they may proceed before a Magistrate Judge; the parties do not consent to doing so.