# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 24-cv-11329** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AUDACY ILLINOIS, LLC, and** | ) | **Judge Jeffrey I. Cummings** |
| **AUDACY, INC., d/b/a** | ) | |
| **670 THE SCORE,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff James Foster brings this action against Audacy Illinois, LLC, and Audacy, Inc., d/b/a 670 The Score (together, "defendants" or "Audacy") alleging defamation *per se* and false light based on statements made by defendants in an article about Foster's time as head baseball coach at Northwestern University. (Dckt. #1-3). Before the Court is defendants' fully briefed motion to dismiss plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dckt. #13), and defendant's notice of supplemental authority, (Dckt. #32). For the reasons that follow, defendants' motion to dismiss is granted without prejudice and with leave to amend to the extent plaintiff can do so in accordance with this Order, Illinois law, and Rule 11.

## I.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility requires a plaintiff to "go beyond mere speculation or conjecture." *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 495 (7th Cir. 2025).  The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint that satisfies this standard is 'well-pleaded' and may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable." *Berk v. Choy*, 146 S.Ct. 546, 553 (2026) (cleaned up); *Orr v. Shicker*, 147 F.4th 734, 740 (7th Cir. 2025) (recognizing that the "notice-pleading standard is deliberately undemanding.") (cleaned up).  As such, the Federal Rules require "no more than a statement of the claim" without the pleading of evidence to support it, *Berk*, 146 S. Ct. at 553.

When considering a motion to dismiss under Rule 12(b)(6), the Court "constru[es] the complaint in the light most favorable to the plaintiff[] and accept[s] all well-pleaded factual allegations as true." *Horist v. Sudler & Co.*, 941 F.3d 274, 278 (7th Cir. 2019); *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).  Moreover, in opposing a Rule 12(b)(6) motion, a plaintiff is free to "elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 752 n.2 (7th Cir. 2021) (cleaned up).  Dismissal is only warranted if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007).

## II.  PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint in this matter in the Circuit Court of Cook County on July 9, 2024 ("Complaint").  (Dckt. #1-3).  On November 1, 2024, defendants timely removed this case to this Court, asserting diversity jurisdiction under 28 U.S.C. §1332(a).  (Dckt. #1).  Defendants' motion to dismiss followed.

Also on July 9, 2024, Foster filed a complaint against the Chicago Tribune (the "Tribune"), alleging defamation and false light due to statements made in an article in the Tribune published about Foster's time as a baseball coach at Northwestern University ("Northwestern").  *Foster v. Chicago Tribune Co., LLC*, No. 1-25-0313, 2026 WL 789208, at *1 (Ill.App.Ct. 2026).  The Tribune moved to dismiss, and the circuit court granted the Tribune's motion on January 24, 2025.  *Foster*, 2026 WL 789208, at *4.  Foster then appealed his case to the Illinois Appellate Court.  *Id.* at *5.  On March 20, 2026, the Appellate Court affirmed the circuit court's dismissal of Foster's complaint.  *Id.* at *9.  In doing so, the Appellate Court held

that the Tribune "was not legally liable for defamation or false light, as the complained-of . . . statements were true, privileged, or protected opinions." *Id.* at \*1.

## III.    RELEVANT FACTS

Foster alleges the following in his Complaint.  (Dckt. #1-3).  Foster worked as a baseball coach for twenty years, including various stints as associate and head baseball coach at the University of Rhode Island, Boston College, the United States Military Academy at West Point, and Northwestern.  (*Id.* ¶6).  He was a successful coach who led his teams at Rhode Island and West Point to multiple conference championships.  (*Id.* ¶7).

Foster was hired to be the head baseball coach at Northwestern for six years starting on July 5, 2022.  (*Id.* ¶8).  As part of this role, Foster was allowed to conduct summer camps or clinics at Northwestern, for which he could keep fees but had to reimburse the university for university-provided services.  (*Id.* ¶9).

On July 10, 2023, Danny Parkins, an employee of radio station 670 The Score, authored an article (the "Article") that discussed Foster's coaching.  (*Id.* ¶11; *see also* Dckt. #15-1).  As relevant here, the Article stated the following:

> In his first season leading the Northwestern baseball program, Coach Foster created a toxic environment that has run off coaches, broken the spirit of his team. . . .  As part of the toxic culture, Foster discouraged players from seeking medical attention for their injuries. . . .  One Northwestern player had an elbow injury and pushed too hard to return because Foster wanted him back by a certain date.  That player ended up needing Tommy John surgery.  Foster also told multiple upperclassmen that they should quit if they didn't return from injury sooner than expected, sources said.  One player detailed to 670 The Score how he was the subject of a punishment run for nearly the entirety of a 2 1/2 hour practice last fall. . . .  This isn't the first time that Foster found himself in a concerning situation regarding his players physical well-being.  Foster was the head coach of the Rhode Island program from 2006 to 14.  In October 2011, a player on his team died following a strength and conditioning workout outdoors.  The family filed a wrongful death lawsuit, against the university and it was settled for 1.45 million.  (*Id.* ¶11).

Foster was not involved in the Rhode Island workout that caused the 2011 death of Rhode Island player Joseph Ciancola, nor was he named in the lawsuit filed by Ciancola's family.  (*Id.* ¶¶12–13).  Foster alleges that Parkins "knew the statements were false or lacked reasonable grounds to believe [they] were true," (*id.* ¶22); that the statements "indicate that Foster lacks integrity in the performance of his job and caused injury or attempted to cause injury to others," (*id.* ¶23), and that the statements "imply that Foster was to some extent responsible or involved

in the death of the Rhode Island player and that Foster was causing a similar potential fate for the Northwestern players," (*id.* ¶26).

On July 13, 2023, Northwestern relieved Foster of his duties as head baseball coach. (*Id.* ¶16). Although Foster is still employed by the university, he can no longer use its facilities to conduct baseball clinics and camps, which comprised a "substantial source of income" pursuant to his Northwestern contract. (*Id.* ¶17).

## IV.    ANALYSIS

Foster brings two claims against defendants alleging (1) defamation *per se* and (2) false light. His defamation *per se* claim is based on statements in the Article about Foster's treatment of his Northwestern players. (Dckt. #22 at 4). His false light claim is based on the juxtaposition of those statements with the statements about the wrongful death lawsuit brought by Ciancola's family against the University of Rhode Island. (*Id.*). Neither claim survives defendants' motion to dismiss.

To state a claim of defamation *per se*, a plaintiff must plausibly allege that "the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009). Defendants argue, and the Court agrees, that plaintiff fails to allege that defendants' statements were false. (*See* Dckt. #14 at 12–13). Foster argues that his allegation that "Danny Parkins knew that the statements were false" alleges falsity, but this allegation concerns Parkins' *knowledge*, and not the truthfulness of Parkins' statements. (Dckt. #1-3 ¶22). In the alternative, Foster seeks leave to amend his Complaint to properly allege falsity. (Dckt. #22 at 5). The Court thus grants defendants' motion to dismiss Foster's defamation *per se* claim with leave to amend to allege falsity to the extent he can do so in accordance with Rule 11.

To state a false light claim, a plaintiff must plausibly allege that (1) he was "placed in a false light before the public as a result of the defendants' actions," (2) "that false light would be highly offensive to a reasonable person," and (3) defendants "acted with actual malice," that is, with knowledge that the statements were false or with reckless disregard for whether the statements were true or false. *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 209 (Ill. 1992) (cleaned up). When a plaintiff complains about published material that is "substantially true," the plaintiff has not been "place[d] . . . in a false light to begin with." *Pope v. Chronicle Publ'g Co.*, 95 F.3d 607, 616 (7th Cir. 1996). "Absent some allegation as to what specific statement was false, a claim based on *false* light simply fails to satisfy the most basic element of the cause of action." *Kirchner v. Greene*, 691 N.E.2d 107, 116 (Ill.App.Ct. 1998) (emphasis included).

Audacy argues that here, too, Foster's false light claim must fail because he does not allege that the statements about the Rhode Island lawsuit are false. (Dckt. ##14 at 15–17; 25 at

4

12).  Foster argues, to the contrary, that he need not allege a particular false statement, as long as he alleges that defendants' statements together create a false impression.  (Dckt. #22 at 8–10).  Nonetheless, according to Foster, "there are false statements at the heart of his false light claim"—namely, the false statements about his treatment of Northwestern players.  (*Id.* at 9).

Illinois law is clear that a plaintiff must allege a false statement in order to bring a false light claim, and Foster cites no case law to the contrary.  *Kirchner*, 691 N.E.2d at 116; *Wang v. Bd. of Trs. of Univ. of Illinois*, 612 F.Supp.3d 739, 752 (N.D.Ill. 2020); *Hamilton v. City of Chicago*, No. 93 C 3342, 1996 WL 501612, at *7 (N.D.Ill. Sept. 3, 1996) ("[I]t is unclear in what way [the statement] placed [plaintiff] in a false light.  To begin, there is nothing in the statement that is false.").  Here, where Foster fails to allege that defendants made *any* false statements, either about his time at Northwestern or about his time at Rhode Island, he fails to state a false light claim.  *See also Foster*, 2026 WL 789208, at *9 (dismissing plaintiff's false light claim premised on a defamation *per se* claim where he failed to plead special damages); *Seith v. Chicago Sun-Times, Inc.*, 861 N.E.2d 1117, 1130 (2007) ("[B]ecause the plaintiff's unsuccessful defamation *per se* claim is the basis of [plaintiff's] false-light claim, plaintiff's false-light . . . claim fails as well.").  Accordingly, the Court grants defendants' motion to dismiss Foster's false light claim with leave to amend to allege falsity, as appropriate.

## V.    CONCLUSION

For the reasons set forth above, the Court grants defendants' motion to dismiss, (Dckt. #13).  Plaintiff is granted leave to amend his complaint on or before April 20, 2026 to the extent plaintiff can do so in accordance with this Order, Illinois law, including the recent decision in his related matter against the Tribune, and Rule 11.  In the event that plaintiff files an amended complaint, defendants are granted until May 11, 2026, to answer or otherwise plead.

**DATE: March 30, 2026**

**Jeffrey I. Cummings**

**United States District Court Judge**